### In re CLAYTON GRAIN ELEVATOR, INC.

**Bankruptcy No. 582–00119–A.**

United States Bankruptcy Court,
W.D. Louisiana,
Alexandria Division.

Aug. 21, 1984.

Chatham H. Reed, Shreveport, La., for Mike Price.

Michael E. Kramer, Shreveport, La., for Tallulah Production Credit Assn.

### FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

The Trustee for Clayton Grain Elevator filed a motion to distribute bond proceeds to the parties who had grain stored at the Clayton Grain Elevator, Inc. The funds to be disbursed are to be paid to the parties by the State of Louisiana, Department of Agriculture, which is the holder of a $25,000.00 bond deposited by Clayton Grain Elevator, Inc., as a condition for obtaining a license to do business in the State of Louisiana.

The Trustee of Clayton Grain Elevator, Inc., analyzed the claims of the grain producers and determined that Mr. and Mrs. Price should receive as their pro-rata share of the bond money for loss of their beans in storage at Clayton Grain Elevator to be $4,729.07.

The Tallulah Production Credit Association (hereinafter referred to as "TPCA") objected to the proposed distribution by the Trustee on the basis of a crop pledge by Mr. and Mrs. Price to TPCA, dated December 1, 1980, and recorded December 16, 1980, in the amount of $187,475.00.

TPCA also argues that included within the crop pledge that there was an assignment clause which reads as follows:

"Borrower further covenants and agrees as follows, to wit:

(1) Any and all awards or damages received by Borrower from any governmental authority covering any of the crops herein mortgaged shall be paid to the Association and credited on the unpaid balance of the note."

The argument of TPCA is that this clause acts as a valid assignment of the Price's pro-rata share of proceeds of the bond money held by the Louisiana Department of Agriculture according to *La.R.S.* 3:684.

At the time of the petition of bankruptcy there were no beans in storage at the Clayton Grain Elevator.

Mr. and Mrs. Price suffered the loss of their entire 1981 soybean crop in the failure of the Clayton Grain Elevator. Since then, Mr. and Mrs. Price have filed for relief under Chapter 11 of the Bankruptcy Code (Case Number: 584–00075–A), and are operating at present as debtors-in-possession.

No evidence was placed into the record to establish that TPCA notified the Louisiana Department of Agriculture of the purported assignment of the bond proceeds, nor was there any evidence that the TPCA made a claim on the Trustee in Clayton Grain Elevator or any bond proceeds until the Trustee in Clayton Grain Elevator sought authority to distribute the proceeds of the bond.

### CONCLUSIONS OF LAW

*Crop Pledge*

■ As pointed out in the memorandum on behalf of the Prices that the soybeans were first placed into storage at the Clayton Grain Elevator where the beans were commingled with other beans. Since the pledgee, TPCA, could not identify the beans placed into storage by the Prices, the crop pledge was invalid as a lien on the soybeans.

■ Also, since there were no soybeans in storage at the Clayton Grain Elevator at the time the petition of bankruptcy was filed, then even if the Price's soybeans could be identified, there was simply no collateral for the crop pledge to attach even if the pledge was a valid security device.

*Assignment*

■ One requirement of an assignment to be a valid assignment is that the assignment must give a full, adequate description of the collateral sought to be assigned. The TPCA argues that the assignment clause, quoted in the Findings of Fact, covers the assignment of the bond proceeds held by the Louisiana Department of Agriculture, but does not specifically describe the bond held under *La.R.S.* 3:684. It is the conclusion of this Court that the description in the assignment is not adequate to cover the proceeds of the bond held by the Louisiana Department of Agriculture.

The manner of accomplishing a valid assignment or transfer of credits or other incorporeal rights under the laws of Louisiana is found in the *La.C.C.* articles 2642, et seq. *La.C.C.* article 2643 provides:

"The transferee is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place.

The transferee may nevertheless become possessed by the acceptance of the transfer by the debtor in an authentic act."

■ In the matter before this Court the assignor (or transferor) was the Prices, the assignee (or transferee) was the TPCA, and the *debtor of the transfer* was the Louisiana Department of Agriculture, which held the bond. There simply is no evidence before the Court that the *debtor of the transfer* received notice of the assignment by the Prices nor is there evidence before the Court that the *debtor of the transfer* executed by an authentic act of acceptance of the assignment by the Prices. It must be remembered that the Prices filed for protection under Chapter 11 of the Bankruptcy Code and are operating as a debtor-in-possession. A debtor-in-possession is a different entity than the debtor before the petition of bankruptcy. A debtor-in-possession possesses the powers of a Trustee in Bankruptcy, including the power of a hypothetical seizing creditor. The Court concludes that even if the assignment had adequately described the proceeds of the bond under *La.R.S.* 3:684 that the notice/or acceptance required to be

given/or made by the *debtor of the transfer*, the Louisiana Department of Agriculture, was not present to affect the rights of the debtor-in-possession, the Price's Chapter 11 Bankruptcy.

Therefore, the Court overrules the objection by TPCA to the Trustee's "Motion for Authority to Distribute Bond Proceeds", and the Court approves the Trustee's Motion to distribute the bond proceeds according to the Trustee's schedule of proposed distribution.